## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

BRUCE CARNEIL WEBSTER,      )

                           )      Criminal Case No.

     Movant,            )       4:94-CR-121-Y

                           )

     v.                  )

                           )

                           )      **THIS IS A CAPITAL CASE**

UNITED STATES OF AMERICA,     )

                           )

     Respondent.       )

## MOTION TO HOLD CASE IN ABEYANCE PENDING AUTHORIZATION FROM THE COURT OF APPEALS OR, IN THE ALTERNATIVE, UNOPPOSED MOTION TO TRANSFER SUCCESSIVE § 2255 MOTION TO THE COURT OF APPEALS

Movant Bruce Carneil Webster, through undersigned counsel, moves this Court to hold this case in abeyance pending the United States Court of Appeals for the Fifth Circuit's decision authorizing this Court to conduct further proceedings in the § 2255 case, or, in the alternative, moves this Court to transfer his successive § 2255 motion to the Fifth Circuit. The Government is opposed to this Court holding the case in abeyance while the motion for authorization is pending in the Fifth Circuit, but is *not* opposed to this Court transferring the successive § 2255 motion to the Fifth Circuit.

1

## I. Relevant Procedural History

### A. Mr. Webster was tried and sentenced to death, and his conviction and death sentence were upheld on direct appeal and in his first § 2255.

Mr. Webster, along with co-defendants Orlando Hall, Demetrius Hall, Marvin Holloway, and Steven Beckley, was charged with crimes related to the kidnapping and murder of Lisa Rene. *See* Doc. 15 (Superseding Indictment). Specifically, Count One of the superseding indictment charged Mr. Webster with kidnapping in which a death occurred in violation of 18 U.S.C. § 1201(a)(1). Count Two charged Mr. Webster with conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c). Count Six charged Mr. Webster with carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The kidnapping and conspiracy charges in Counts One and Two were alleged as predicates to the § 924(c) charge in Count Six.

Mr. Webster was convicted on Counts One, Two, and Six. He was sentenced to death on Count One (kidnapping), sentenced to life imprisonment on Count Two (conspiracy to commit kidnapping), and sentenced to sixty months on Count Six (the § 924(c) charge for carrying a firearm during and in relation to a crime of violence). The Court of Appeals for the Fifth Circuit affirmed Mr. Webster's convictions and sentence on direct appeal. *See United States v. Webster*, 162 F.3d 308 (5th Cir. 1998), *cert. denied*, 528 U.S. 829 (1999). Mr. Webster's initial motion to vacate his conviction and sentence under 28 U.S.C. § 2255 was denied. *See Webster v. United States*, No. 4:00-CV-1646-Y, 2003 WL 23109787 (N.D. Tex. Sept. 30, 2003). The

2

Fifth Circuit affirmed denial of the § 2255 motion. *United States v. Webster*, 421 F.3d 308 (5th Cir. 2005), *cert. denied*, 549 U.S. 828 (2006).

**B. Mr. Webster's death sentence was vacated because he is intellectually disabled; that decision is being appealed.**

In 2009, Mr. Webster moved the Fifth Circuit for authorization to file a successive § 2255 motion to vacate his death sentence based on newly discovered evidence of intellectual disability. The court denied Mr. Webster's motion. *See In re Webster*, 605 F.3d 256, 257 (5th Cir.), *cert. denied*, 562 U.S. 1091 (2010). Mr. Webster then filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana seeking to challenge his death sentence based on the same newly discovered evidence of intellectual disability. After initially denying the petition, on remand from the Seventh Circuit, the district court concluded that Mr. Webster established that he is intellectually disabled and vacated his death sentence. *See Webster v. Daniels,* 784 F.3d 1123 (7th Cir. 2015) (*en banc*); S.D. Ind. Case No. 2:12-cv-00086-JPH-MJD, Doc. 198 (06/18/19 Order) at 21. The Government's appeal of that decision is currently pending. *See* 7th Cir. Case No. 19-2683, Doc. 36 (5/21/20 Order setting oral argument).

## II. Mr. Webster's Motion for Authorization to File Successive § 2255 in Light of *Davis*

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. Under *Davis*, a predicate offense qualifies as a crime of violence to support a § 924(c) conviction only if it

meets the definition of crime of violence in § 924(c)'s elements clause. Neither conspiracy to commit kidnapping nor kidnapping resulting in death is a crime of violence under § 924(c)'s elements clause. Consequently, there is no valid predicate for Mr. Webster's Count Six § 924(c) conviction.

On June 1, 2020, Mr. Webster filed his Motion for Authorization to File Successive Motion Pursuant to 28 U.S.C. § 2255 in Light of *United States v. Davis*, 139 S. Ct. 2319 (2019), along with a proposed successive § 2255 motion. The Fifth Circuit assigned Case Number 20-10530 and directed the Government to respond to Mr. Webster's motion for authorization by June 23, 2020.

As additional relevant background, Mr. Webster's co-defendant, Orlando Hall, filed in the Fifth Circuit a motion for authorization on March 28, 2019 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Welch v. United States*, 136 S. Ct. 1265 (2016), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the Fifth Circuit's decision in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018). On August 15, 2020, the parties filed letter briefs discussing the impact of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Seven months later, on March 18, 2020, the Fifth Circuit ordered additional briefing, with a brief from court-appointed amicus to be submitted on May 15, 2020 and briefs from Mr. Hall and the Government to be submitted June 15, 2020. The Fifth Circuit's March 18 order indicated that the court will schedule oral argument at a later date; it has not yet scheduled argument.

4

In its brief filed June 15, the Government acknowledged that "the Supreme Court's decision in *Davis*, taken together with its decision in *Welch*, necessarily dictates that *Davis* is retroactively applicable. The rule of *Davis* thus satisfies Section 2255(h)(2)'s stringent standard." Gov. Br. at 9. As to Mr. Hall's argument that *Davis* invalidates his § 924(c) conviction because kidnapping resulting in death is not a crime of violence under the elements clause, which is also at issue in Mr. Webster's successive § 2255, the Government further acknowledged "that the Court [of Appeals] might find that Hall has satisfied the minimal prima facie showing required to satisfy Section 2255(h)." Gov. Br. at 11.

All of which is to underscore two points. First, that the Government has acknowledged that a motion for authorization to file a successive § 2255 raising claims at issue in Mr. Webster's motion warrants consideration—it satisfies § 2255(h)(2), and raises a claim that the Fifth Circuit should at least arguably authorize. (And Mr. Webster's motion for authorization and successive § 2255 motion explain why his motion is not just arguably one the Fifth Circuit should authorize, but, in fact, clearly meritorious.) Second, that the Fifth Circuit is unlikely to decide whether to authorize Mr. Webster's successive § 2255 prior to § 2255(f)'s one-year deadline. That means that if this Court does not hold Mr. Webster's successive § 2255 motion in abeyance or transfer it to the Fifth Circuit, Mr. Webster may be deprived of the opportunity to bring his meritorious *Davis* claim.

5

### III. Authority to Stay or Transfer

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). This includes the "authority to issue stays" in habeas actions. *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013).

Mr. Webster asks this Court to hold his accompanying successive § 2255 motion in abeyance pending the Fifth Circuit's authorization to proceed, and to deem it timely filed when that authorization is given. This Court has previously held a successive § 2255 motion from Mr. Webster's co-defendant, Mr. Hall, in abeyance while his motion for authorization was pending. *See Hall v. United States*, No. 4:16-CV-00391-Y, Doc. 4 (N.D. Tex. May 27, 2016) ("Hall's § 2255 motion is held in abeyance pending the Court of Appeals' ruling on his application for authorization to file a successive motion.").

Alternatively, if the Court chooses not to hold this case in abeyance pending the Fifth Circuit's decision on Mr. Webster's Motion for Authorization, Mr. Webster moves the Court to transfer the successive § 2255 motion to the Fifth Circuit. *See In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006) ("Had the district court transferred the [successive federal habeas] application to this court, rather than dismissing it as unauthorized, the application would have been timely, as the date of filing for limitations purposes would have related back to the date of the initial filing in the district court."). This Court has previously transferred a successive § 2255 motion from Mr. Webster's co-defendant, Mr. Hall. *See Hall v. United States*, No. 4:19-CV-258-Y, Doc. 15 (N.D. Tex. July 19, 2019) (Hall's third motion to vacate . . . is

transferred to the Fifth Circuit in accordance with 28 U.S.C. § 1631 and sections 2244(b) and 2255(h).") (emphasis removed).

The Government is not opposed to this Court transferring Mr. Webster's successive § 2255 motion to the Fifth Circuit.

Therefore, Mr. Webster respectfully requests that this Court hold his successive § 2255 in abeyance, or, in the alternative, requests that this Court transfer his successive § 2255 to the United States Court of Appeals for the Fifth Circuit.

Respectfully Submitted,

s/ F. Italia Patti
INDIANA FEDERAL
COMMUNITY DEFENDERS
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
italia_patti@fd.org

## CERTIFICATE REGARDING CONFERENCE

I hereby certify that on June 12, 2020, I contacted Assistant United States Attorney Brian McKay to ask whether the Government would oppose this motion. Mr. McKay indicated that the Government opposes the motion to hold the successive § 2255 motion in abeyance, but does not oppose transferring the successive § 2255 motion to the Fifth Circuit.

s/ F. Italia Patti

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2020, I filed this motion using the CM/ECF system and, further, that I emailed a copy of the motion to Assistant United States Attorney Brian McKay.

s/ F. Italia Patti