IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRUCE CARNEIL WEBSTER,
            Movant,

v.

UNITED STATES OF AMERICA,
            Respondent.

No.    4:20-CV-633-Y
       (4:94-CR-121-Y)

**RESPONSE OF THE UNITED STATES TO WEBSTER'S MOTION TO HOLD
CASE IN ABEYANCE PENDING AUTHORIZATION FROM THE COURT OF
APPEALS OR, IN THE ALTERNATIVE, TO TRANSFER SUCCESSIVE § 2255
MOTION TO THE COURT OF APPEALS**

Citing binding precedent from the United States Court of Appeals for the Fifth

Circuit, this Court recently acknowledged that it has no jurisdiction over a successive 28

U.S.C. § 2255 filed without the required authorization from the Circuit Court. *See Hall v.*

*United States*, No. 4:19-CV-258-Y, Dkt. No. 15 (N.D. Tex. July 19, 2019). Hall's

codefendant, Bruce Carneil Webster, now asks this Court to do exactly what it said it

would not do in Hall—hold his Section 2255 motion in abeyance until the Fifth Circuit

rules on his request for successive authorization. (CV No. 1.)[1] This Court should

likewise deny Webster's request.

**STATEMENT OF THE CASE**

Webster kidnapped and repeatedly raped a 16-year old girl. *United States v.*

*Webster*, 162 F.3d 308, 318 (5th Cir. 1998), *cert. denied*, 528 U.S. 829 (1999). He dug

her grave in a park in Arkansas. *Id.* The next day he led her to the gravesite, where he

---

[1] "CV No. __" refers to the docket number of this Section 2255 action.

beat her in the head with a shovel. *Id.* He gagged her, and then he dragged her into the hole he had dug and stripped her. *Id.* He poured gasoline over her and, finally, buried her there, still breathing, to die. *Id.*

The United States charged Webster with interstate kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count One), conspiracy to commit kidnapping (Count Two), traveling in interstate commerce with the intent to promote extortion (Count Five), and using or carrying a firearm during and in relation to a crime of violence (Count Six). *See United States v. Webster*, 4:94-CR-121-Y-1, Dkt. No. 15 (N.D. Tex. Nov. 22, 1994) (Superseding Indictment); *see also Webster*, 162 F.3d at 319. The government dismissed Count Five, and the jury found Webster guilty on Counts One, Two, and Six. *Webster*, 162 F.3d at 319. This Court sentenced Webster to death on Count One, life imprisonment on Count Two, and a consecutive 60-month prison term on Count Six. *Id.*

The Fifth Circuit affirmed his conviction and sentence, and his petition for certiorari and first collateral attack were both rejected. *See id.*; *see also United States v. Webster*, 392 F.3d 787, 790 (5th Cir. 2004) (denying a certificate of appealability). Webster thereafter successfully petitioned for relief under 28 U.S.C. § 2241 in the Southern District of Indiana, *see Webster v. Lockett*, No. 2:12-CV-86-WTL-MJD, 2019 WL 2514833 (S.D. Ind. June 18, 2019). A district judge there set aside Webster's death sentence and ordered this Court to resentence him. *See id.* at *11. The United States is now appealing that ruling to the Seventh Circuit. *See Webster v. Watson*, No. 19-2683 (7th Cir.).

In his most-recent attack on his criminal judgment, Webster now seeks to set aside his firearm conviction and the resulting 60-month sentence. *See In re Webster*, No. 20-10530 (5th Cir. 2020).[2]  He has asked the Fifth Circuit to grant him authorization to file a successive Section 2255 motion, *see id.*, and he asks this Court to hold "this case" in abeyance pending his request for authorization, (CV No. 1 at 1).  The government opposes that request.

## ARGUMENT AND AUTHORITIES

### Standards that Govern Successive Section 2255 Motions

Before a movant can file a successive Section 2255 motion in the district court, "28 U.S.C. § 2244 provides that [he] must first obtain authorization from the court of appeals." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).  "The lack of such authorization is a jurisdictional bar to the district court's consideration." *Id.*  A district court has two options when it receives an unauthorized, successive Section 2255 motion: (1) the district court can dismiss the motion; or (2) "[a]lternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.*; *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (noting that a district court "may either dismiss the motion for lack of jurisdiction, or it may transfer the motion" to the Fifth Circuit for authorization); *see also Miller v. United States*, Nos. 3:16-CV-1857-G-BN, 2016 WL 4536595, at *3 (N.D. Tex. Aug. 9, 2016) ("Once it is decided that the application is indeed successive, the Court has only

---

[2] The United States has appended here: (1) Webster's motion for successive authorization, (2) the government's response in opposition, and (3) Webster's reply.

3

two options—dismiss for lack of jurisdiction or transfer under 28 U.S.C. § 1631.  There is no other option."), *rec. adopted* 2016 WL 4525039 (N.D. Tex. Aug. 30, 2016).

**Discussion**

Webster filed this Section 2255 motion before he obtained authorization from the Fifth Circuit to do so.  (*See* CV No. 1 at 6) (asking this Court to hold his motion in abeyance until he receives authorization.)  Therefore, this Court has no jurisdiction over his proposed collateral attack.  *Fulton*, 780 F.3d at 686.  This Court can either transfer Webster's unauthorized motion to the Fifth Circuit, or this Court can dismiss it.  Because this Court transferred Hall's unauthorized motion to the Fifth Circuit, the government does not oppose the same for Webster.  *Hall*, No. 4:19-CV-258-Y, Dkt. No. 15.

## CONCLUSION

This Court should transfer Webster's unauthorized motion to the Fifth Circuit.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
jonathan.bradshaw@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 2, 2020, I filed this response with the clerk of court for the

U.S. District Court, Northern District of Texas through the electronic filing system,

which generate service to counsel for Webster, F. Italia Patti.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
