UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRUCE CARNEIL WEBSTER, | ) | |
| | ) | Case No. |
| Movant, | ) | 4:20-CV-633-Y |
| | ) | (4:94-CR-121-Y) |
| v. | ) | |
| | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>REPLY IN SUPPORT OF MOTION TO HOLD CASE IN ABEYANCE PENDING
AUTHORIZATION FROM THE COURT OF APPEALS OR, IN THE
ALTERNATIVE, UNOPPOSED MOTION TO TRANSFER SUCCESSIVE
§ 2255 MOTION TO THE COURT OF APPEALS</u>

Pursuant to Local Civil Rule 7.1(f), Bruce Carneil Webster, though counsel,
submits the following reply in support of his <u>Motion to Hold Case in Abeyance
Pending Authorization from the Court of Appeals or, in the Alternative, Unopposed
Motion to Transfer Successive § 2255 Motion to the Court of Appeals</u> (Doc. No. 1).
Mr. Webster submits this reply primarily to clarify that, contrary to the
Government's assertion, this Court has the power to hold this case in abeyance,
should it chose to do so.

Before discussing the Court's authority to hold the case in abeyance, Mr.
Webster emphasizes that the Government does not oppose transferring this case to
the United States Court of Appeals for the Fifth Circuit. *See* Doc. No. 5, Resp., at 4.

1

Mr. Webster asks that, if the Court decides to transfer the case, the Court make clear that "the date of filing for limitations purposes would . . . relate[] back to the date of the initial filing in the district court." *See In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006) ("Had the district court transferred the [successive federal habeas] application to this court, rather than dismissing it as unauthorized, the application would have been timely, as the date of filing for limitations purposes would have related back to the date of the initial filing in the district court.").

As to the Government's opposition to holding this case in abeyance, the Government incorrectly states that the Court lacks this authority. *See* Doc. No. 5, Resp., at 3. The only binding case the Government cites in support of this proposition is *United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015). *See id.* However, *Fulton* does not prohibit a district court from holding this case in abeyance.

*Fulton* states that a district court "may dispose of applications lacking authorization through dismissal" or "may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* at 686. Those are statements about what a district court can do, and Mr. Webster does not disagree that the Court has the authority to take one of those steps. *Fulton* also states that "[t]he lack of such authorization is a jurisdictional bar to the district court's *consideration*." *Id.* (emphasis added). Mr. Webster does not dispute that a district court cannot *consider* the merits of a successive § 2255 motion without authorization from the Court of Appeals. The bar on *considering* the

2

merits of a successive § 2255, however, is not a bar on holding the motion in abeyance pending the Fifth Circuit's ruling on authorization, and then considering the motion if and only if the Fifth Circuit authorizes it. In sum, *Fulton* does not say anything that prohibits a district court from holding a case in abeyance until the Fifth Circuit determines whether it will authorize the successive § 2255 motion.

The plain language of 28 U.S.C. § 2244 also allows a district court to hold a case in abeyance pending authorization from the Court of Appeals. Section 2244(b)(3)(A) states that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Mr. Webster did precisely what the statute instructs—he moved in the Fifth Circuit for authorization before filing his successive § 2255 motion in this Court, and now asks this Court to take no action on his successive § 2255 motion unless and until the Fifth Circuit orders that it may do so. Nothing in the plain language of the statue requiring authorization from the Court of Appeals suggests that this Court cannot simply hold Mr. Webster's successive § 2255 motion in abeyance pending authorization.

Indeed, this Court has previously held a successive § 2255 motion from Mr. Webster's co-defendant in abeyance while his motion for authorization was pending in the Fifth Circuit. *See Hall v. United States*, No. 4:16-CV-00391-Y, Doc. 4 (N.D. Tex. May 27, 2016) ("Hall's § 2255 motion is held in abeyance pending the Court of Appeals' ruling on his application for authorization to file a successive motion.").

3

This action fully complied with § 2244 and *Fulton* when the Court took it in 2016, and would fully comply with § 2244 and *Fulton* now.

Mr. Webster emphasizes the Court's authority to hold this case in abeyance because holding the case in abeyance is more efficient than transferring the case. To hold the case in abeyance, all this Court has to do is issue a brief order, and wait for the Fifth Circuit to rule. Transferring the case requires additional steps by this Court and additional steps by the Fifth Circuit, even though there is already a fully brief motion for authorization pending in the Fifth Circuit, and no reason not to hold this case in abeyance pending the Fifth Circuit's ruling. The Government would also not suffer any prejudice from this Court holding this case in abeyance.

As Mr. Webster pointed out in his initial motion to hold the case in abeyance, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), including the "authority to issue stays" in habeas actions. *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013). None of the Government's arguments strip the Court of this authority. In exercising this authority, this Court should take the more efficient course of action, and simply hold the case in abeyance, rather than transfer it.

Therefore, this Court has the authority to either transfer the case or hold the case in abeyance, and should hold the case in abeyance.

4

Respectfully Submitted,

s/ F. Italia Patti
INDIANA FEDERAL
COMMUNITY DEFENDERS
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Indiana Bar No. 34725-02
(317) 383-3520
(317) 383-3525 (fax)
italia_patti@fd.org

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, I filed this motion using the CM/ECF system, which will generate service to Assistant United States Attorney Jonathan Bradshaw.

s/ F. Italia Patti