UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRUCE CARNEIL WEBSTER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil No. 4:20-CV-633-Y |
| | § | [Criminal No. 4:94-CR-121-Y(1)] |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent, | § | |

**ORDER**

The matters before the court are Movant's motion to hold in abeyance or transfer his latest motion to vacate, set aside, or correct judgment, filed June 17, 2020 (ECF no. 1), and Respondent's Response, filed July 2, 2020 (ECF no. 5), in which the Government recommends that this court do exactly what it did with regard to the parallel successive motion to vacate filed by Movant's co-defendant Orlando Hall last year, i.e., transfer Movant's successive motion to vacate to the United States Court of Appeals for the Fifth Circuit.

For the reasons discussed in the Government's Response to Webster's motion (Doc. 5), this court lacks jurisdiction over Webster's latest motion to vacate, filed June 17, 2019 (Doc. 1). The parties agree Webster did not obtain permission from the Fifth Circuit to file his latest motion to vacate his sentence before so doing. Under such circumstances, this court lacks jurisdiction over his new motion to vacate. *See United States v. Fulton*, 780 F.3d 683, 685 (5th Cir. 2015) (the question of whether a second or successive motion to vacate is in fact successive is a threshold jurisdictional matter). Therefore, Webster's new motion to vacate will be transferred to the Fifth Circuit for the determination necessary under 28 U.S.C. §§ 2244(b) & 2255(h).

Accordingly:

1.      Webster's new motion to vacate (Doc. 1) is **TRANSFERRED** to the Fifth Circuit in accordance with 28 U.S.C. § 1631 and sections 2244(b) and 2255(h).

2.      Webster's alternative motion to hold this case in abeyance (Doc. 1) is **DISMISSED AS MOOT.**

SIGNED August 27, 2020.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE