ORIGINAL
CTJ

FILED

December 01, 2020

KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals
# for the Fifth Circuit

4:20-CV-633-Y

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2020

Lyle W. Cayce
Clerk

No. 20-10530

In re: Bruce Carneil Webster,

*Movant.*

Motion for an order authorizing the
United States District Court for the
Northern District of Texas to consider
a successive 28 U.S.C. §2255 application

Before Willett, Ho, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Prisoner Bruce Carneil Webster moves this court for permission to file a successive habeas petition, pursuant to 28 U.S.C. § 2255(h)(2), arguing that his conviction for using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c), is unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019). The felony offenses of kidnapping resulting in death and conspiracy to commit kidnapping of which Webster also was convicted were charged as predicates to his § 924(c) offense.[1]

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Webster received a sentence of death for his kidnapping offense, life imprisonment for the conspiracy offense, and sixty months of imprisonment for the firearm offense. On September 22, 2020, however, the Seventh Circuit affirmed an Indiana federal

No. 20-10530

Section 924(c) defines a crime of violence in two alternative ways. Its "residual clause" defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). Its "elements clause" defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). *Davis* declared the residual clause unconstitutionally vague but left the elements clause intact.

Recently, in a matter involving Webster's co-conspirator, Orlando Hall, we held that kidnapping resulting in death, in violation of 18 U.S.C. § 1202(a)(1), constitutes a crime of violence under § 924(c)'s elements clause. *See In re Hall*, 979 F.3d 339, 343–47 (5th Cir. 2020). Given our decision in *In re Hall*, Webster likewise fails to make the necessary *prima facie* showing that his underlying claim relies "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Accordingly, Webster's request for authorization to file a successive § 2255 petition is DENIED.

**Certified as a true copy and issued
as the mandate on Dec 01, 2020**

**Attest:**    *Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

---

district court's vacatur of the death sentence based on a finding that Webster is intellectually disabled and thus, under *Atkins v. Virginia*, 536 U.S. 304 (2002), constitutionally ineligible for a death sentence. *See Webster v. Watson*, 975 F.3d 667 (7th Cir. 2020).

2